Filed 10/9/24  P. v. Kotich CA4/1
## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

|  |  |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>JOSEPH EDWARD KOTICH,<br><br>  Defendant and Appellant. | D083762<br><br><br>(Super. Ct. No. SCD286988) |

APPEAL from a judgment of the Superior Court of San Diego County, David M. Gill, Judge.  Dismissed.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

MEMORANDUM OPINION

Joseph Edward Kotich appeals from a judgment extending for one year his civil commitment as an offender with a mental health disorder (OMD) under the Mentally Disordered Offender Act (MDOA).  (Pen. Code, § 2960 et seq.)  On appeal, Kotich's appointed counsel raises one arguable issue for our review and also asks us to independently review the record for reversible

error under *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738. We agree with the reasoning and holding in *People v. Taylor* (2008) 160 Cal.App.4th 304, however, that the procedures set forth in *Wende* and *Anders* for *criminal* defendants do not apply to an extension of a *civil* commitment under the MDOA. We thus dismiss the appeal.

I.

In January 2021, Kotich pleaded guilty in two separate criminal cases. In Case No. SCD282541, he admitted to unlawfully and maliciously shutting off or removing a telephone line used to conduct electricity. (§ 591.) And, in Case No. SCD286988, he admitted to resisting a peace officer by using force and violence. (§ 69.) In both cases, Kotich admitted a strike allegation. As part of the plea agreement, Kotich and the People stipulated to a total prison sentence of five years and four months. The trial court imposed the agreed-upon prison sentence.

On March 14, 2022, Kotich was committed to the Department of State Hospitals as an OMD under section 2962.

The People later filed a petition to extend Kotich's OMD civil commitment for one additional year under section 2970, subdivision (b). The People alleged Kotich continued to suffer from a severe mental disorder that was not in remission and could not be kept in remission without treatment, so he posed a substantial danger of physical harm to others. In support of the petition, the People attached an affidavit from the medical director of a state hospital. The medical director opined Kotich suffered from "severe mental disorder [that] is not in remission and cannot be kept in remission."

Kotich denied the allegations in the petition and requested a jury trial. Although the court appointed two doctors to examine Kotich and provide an opinion about whether his commitment should be extended for another year,

2

Kotich waived his right to have two doctors appointed and elected to proceed with one.

At the jury trial, the People presented testimony from five witnesses, including three doctors from Atascadero State Hospital, and the court-appointed psychiatrist.

All three doctors from Atascadero State Hospital treated or evaluated Kotich. Kimberly Klem, a clinical psychologist, testified Kotich was diagnosed with schizoaffective disorder, bipolar type. Symptoms for this disorder include hearing voices and seeing things, delusions, and mood swings. Klem performed a violence risk assessment, which revealed Kotich had a moderate risk for violence in the state hospital. Next, Marilou Rosas, a psychiatrist, testified she had treated Kotich since April 2022, and had prescribed him, among other medications, Clozapine and Olanzapine to treat his disorder that causes him to hear voices and "hit people." Though medicated, Kotich "cannot control his impulse" for aggression and violence and has hit other patients on separate occasions. Third, Rebecca Aponte, a forensic psychologist, evaluated Kotich for the extension of his commitment. After extensively evaluating Kotich's background, Aponte opined, among other things, that Kotich "presently represents a substantial danger of physical harm to others" if released to the community because of his mental disorder.

The court-appointed psychiatrist, Daniel Brockett, testified about his "neutral" evaluation of Kotich. Based on that evaluation, Brockett opined Kotich's commitment needed to be extended because he "presently poses a substantial danger of physical harm to others[.]"

Finally, Kotich testified in his own defense.

The jury found the People proved beyond a reasonable doubt the petition's allegations were true. The court thus recommitted Kotich to Atascadero State Hospital for one more year, until March 13, 2025.

## II.

We appointed counsel to represent Kotich on appeal. His counsel filed a brief summarizing the facts and proceedings below and identified one issue for review: "whether there was sufficient evidence to sustain the trial court's order extending appellant's commitment under section 2972[.]" Counsel also argues we should independently review the record on appeal for reversible error under *Wende/Anders*. Kotich was provided a copy of counsel's brief and informed of his right to file a supplemental brief. He has not done so.

The Supreme Court has held that the *Anders/Wende* independent review procedures do not apply to civil commitments under the Lanterman-Petris-Short Act (Welf. & Inst. Code, § 5000 et seq.). (*Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 539.) The Second District in *Taylor* concluded the *Wende/Anders* procedures likewise do not apply to MDO commitment cases. (*Taylor*, 160 Cal.App.4th at p. 308.) Kotich's counsel does not cite *Taylor* or its holding.

In *Taylor*, the court discussed *Ben C.* and other relevant cases to conclude that the *Anders/Wende* review procedures do not apply to post-conviction commitments under the MDOA. (*Taylor*, 160 Cal.App.4th at p. 312.) *Taylor* reasoned that *Wende/Anders* review is only required for appointed counsel's representation of an indigent defendant in a *criminal* case, and we are bound by the Supreme Court's characterization of the MDOA as a "'civil commitment scheme.'" (*Ibid.*) In rendering its decision, *Taylor* commented that the Rules of Court ensure sufficient advocacy for OMD committees on appeal, and due process does not require the extension

of *Anders/Wende* to appeals from OMD commitment orders.  (*Id.* at p. 313.)
Accordingly, *Taylor* dismissed the appeal without conducting an independent
review of the record.  (*Ibid.*)

   We agree with *Taylor*'s reasoning and apply it to this appeal.  We
decline to exercise our *Ben C.* discretion to conduct an independent review of
the record in this case under *Anders/Wende* or otherwise.  (See *Taylor*,
160 Cal.App.4th at p. 313.)  Thus, we dismiss the appeal.

III.

   The appeal is dismissed.


CASTILLO, J.

WE CONCUR:


O'ROURKE, Acting P. J.


BUCHANAN, J.